# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 994 | **DATE** | 4/15/2003 |
| **CASE TITLE** | Christine Hirsch and David Hirsch vs. Diner's club International, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. Diners Club is ordered on or before April 28, 2003 to file in this Court's chambers a copy of the document that reflects the asserted commitment of any disputes to arbitration. Within the same time period, Hirsches are ordered to file in this Court's chambers a statement as to the reasons if any that the alleged promise to arbitrate should not be complied with. This Court will then determine the appropriate course of action.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 5 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | APR 1 6 2003 | |
| | Mail AO 450 form. | CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/15/2003 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE HIRSCH and DAVID HIRSCH, )
)
        Plaintiffs, )
)
v. ) No. 03 C 994
)
DINER'S CLUB INTERNATIONAL, LTD., )
)
        Defendant. )

DOCKETED
APR 16 2003

MEMORANDUM ORDER

At the initial status hearing in this matter this Court heard from counsel for the litigants and then set a next status hearing date of May 29, 2003. In the interim Diners Club International, Ltd. ("Diners Club") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Christine and David Hirsch (collectively "Hirsches"). This memorandum order is issued sua sponte to address one aspect of that responsive pleading.

Although there are several respects in which Diners Club's counsel could have complied more precisely with federal pleading requirements, this memorandum order will not pause to address such technical items. Instead it is triggered by the references in Answer ¶¶3 and 4 and AD 3 to an asserted arbitration agreement that is said to cover any disputes between the parties.

In that respect Hirsches' Complaint Ex. A, a photocopy of a Cardmember Agreement, contains no reference to any such agreement--but it is of course entirely possible that Ex. A is



not the entire agreement between Diners Club and its cardmembers such as Hirsches. But if such an agreement does exist, this Court sees no reason why the parties should not adhere to that contractual remedy while this action remains stayed.

Accordingly Diners Club is ordered on or before April 28, 2003 to file in this Court's chambers (with a copy being transmitted to Hirsches' counsel) a copy of the document that reflects the asserted commitment of any disputes to arbitration. Within the same time period, Hirsches are ordered to file in this Court's chambers (with a copy being transmitted to Diners Club's counsel) a statement as to the reasons if any that the alleged promise to arbitrate should not be complied with. This Court will then determine the appropriate course of action.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 15, 2003