# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 994 | **DATE** | 5/12/2003 |
| **CASE TITLE** | Christine Hirsch vs. Diner's Club International, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly, without expressing any ultimate view on the subject, this Court must necessarily vacate Order II - - and it does. No stay of this action will be in effect until further order of court. Instead, Diners club's counsel is ordered to file a memorandum in response to Hirsches' Memorandum on or before May 22, 2003, and the subject will be addressed at the previously set May 29, 2003 status hearing date.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 5/12/2003 | |
| | Copy to judge/magistrate judge. | 03 MAY 12 PM 3:51 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE HIRSCH and DAVID HIRSCH, )
)
        Plaintiffs, )
)
v. ) No. 03 C 994
)
DINER'S CLUB INTERNATIONAL, LTD., )
)
        Defendant. )

DOCKETED
MAY 1 2 2003

MEMORANDUM ORDER

Because counsel for Christine and David Hirsch (collectively "Hirsches") had failed to comply with the directive contained in this Court's April 15, 2003 memorandum order ("Order I") to file by April 28 "a statement as to reasons if any that the alleged promise to arbitrate should not be complied with," this Court promptly issued an April 29 memorandum order ("Order II") staying this action pursuant to 9 U.S.C. §3. Order II was premised on the contractual provision requiring such arbitration that had been filed by counsel for Diners Club International, Ltd. ("Diners Club").

Now Hirsches' counsel has belatedly filed a Memorandum Regarding Arbitration challenging the applicability of the document on which Diners Club relies.[1] That Memorandum advances

---

[1] Hirsches' counsel offers a wholly unpersuasive reason for his delay in filing. Order I's final paragraph had ordered Diners Club to file a copy of the arbitration document "on or before April 28, 2003." In the very next sentence Hirsches were ordered to file their statement of reasons "[w]ithin the same time period." Hirsches counsel says he somehow understood that order as giving him 13 days after the Diners Club filing (he used



several reasons that call the existence of any agreement to arbitrate into serious question.

Accordingly, without expressing any ultimate view on the subject, this Court must necessarily vacate Order II--and it does. No stay of this action will be in effect until further order of court. Instead, Diners Club's counsel is ordered to file a memorandum in response to Hirsches' Memorandum on or before May 22, 2003, and the subject will be addressed at the previously-set May 29, 2003 status hearing date.

      _____
      Milton I. Shadur
      Senior United States District Judge

Date: May 12, 2003

---

the interval between the April 15 issuance of Order I and the April 28 outside date for the Diners Club filing as the source of that 13-day assumption). Needless to say, this Court knows quite well how to state a deadline date or a time interval if it wants to. Because the Diners Club order was framed in terms of a filing "on or before" a specified date, the use of "within the same time period" in the next sentence plainly referred back to the identical due date. But fortunately for Hirsches, their counsel's current filing has done better in substantive terms than in his reading of Order I.